UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOYDA R., | : | |
| *Plaintiff*, | : | |
| v. | : | No. 3:25-cv-1218-SDV |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| *Defendant*. | : | |

**RULING**

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The parties consented to transfer the case to the undersigned for all purposes. ECF 12. For the reasons below, Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF 19, is GRANTED, and the Commissioner's Motion to Affirm, ECF 23, is DENIED.

## A. LEGAL STANDARDS

### 1. Disability

A claimant is disabled under the Social Security Act if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

### 2. Commissioner's five-step review

The Commissioner of Social Security is authorized to make findings of fact and decide disability applications, *see* 42 U.S.C. § 405(b)(1), in accordance with the five-step sequential evaluation process provided in 20 C.F.R. § 404.1520. The Commissioner's authority to make

these findings and decisions is delegated to an administrative law judge ("ALJ"). *See* 20 C.F.R. § 404.929. If a claimant is dissatisfied with the ALJ's decision and the Appeals Council declines review or affirms, *see* 20 C.F.R. § 404.967, the claimant may appeal to the United States District Court. 42 U.S.C. § 405(g).

**3. Court's review on appeal**

A district court reviewing the Commissioner's final decision is performing an appellate function, *see Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981), and has the power to affirm, modify, or reverse the Commissioner's decision based on its review of the briefs and the administrative record. *See* 42 U.S.C. § 405(g). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation marks omitted).

**B. BACKGROUND**

Plaintiff applied for Title II disability insurance benefits in April 2017 alleging a disability onset date of March 31, 2016, at which time she was 58 years old. R. 992. She has prior work history as a teacher assistant and child placement caseworker. R. 1738–45. Her impairments include bladder dysfunction, asthma, coronary artery disease with angina, knee and shoulder derangement, diabetes, and right hearing loss, all of which the ALJ found to be severe. R. 1815. Plaintiff's treatment history also mentions other impairments that the ALJ found non-severe, including bowel perforation, vertigo, and migraine headaches. *Id.*[1]

---

[1] Because Plaintiff claims only procedural errors and does not challenge any of the ALJ's factual findings, *see* Pl. Reply Br., ECF 24 at 1, this ruling does not include a summary of her treatment history or testimony. The Court assumes familiarity with the ALJ's Decision, R. 1812–22, and refers to the treatment history as relevant in the analysis below.

This is Plaintiff's second appeal. She obtained a remand on her first appeal in January 2021. *See Loyda R. v. Comm'r of Social Security,* 20-cv-361 (VEC) (S.D.N.Y.). Thereafter, she submitted new medical evidence and gave testimony at a new hearing in August 2023. R. 1730–65. In October 2023, ALJ Raymond Prybylski issued a second unfavorable decision. R. 1812–22. He determined that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b)

> except the claimant can never climb ladders, ropes or scaffolds. She can occasionally climb ramps or stairs, kneel, crouch or crawl. The claimant cannot work outside and must avoid even moderate exposure to respiratory irritants like fumes, odors, dust and gases, as those terms are defined by the Selected Characteristics of Occupations of the Dictionary of Occupational Titles ("DOT"). The claimant requires ready access to a restroom.

R. 1817–18. Based on vocational expert testimony, the ALJ found that Plaintiff could perform her past relevant work and was not entitled to disability benefits. R. 1821.

**C. DISCUSSION**

Plaintiff's first claim of error is that the ALJ failed to articulate his reasons for discounting Plaintiff's subjective statements concerning her symptoms. When evaluating the intensity and persistence of symptoms to determine how they limit the claimant's capacity to work, the ALJ must consider not only objective medical evidence but also other evidence such as the claimant's own statements, evidence submitted by medical sources, and observations by other persons including agency personnel. 20 C.F.R. § 404.1529(c). Additionally, the ALJ must consider any of the following factors if relevant: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of medication; (v) treatment other than medication; (vi) relief measures used; and (vii) any other relevant factors. *Id.* The ALJ then must "explain which of an individual's [reported] symptoms we found consistent or inconsistent with the evidence in

his or her record and how our evaluation of the individual's symptoms led to our conclusions." Soc. Sec. Ruling ("SSR") 16-3p (S.S.A. Oct. 25, 2017).

An ALJ's rejection of a claimant's subjective statements must be explained with sufficient specificity to permit judicial review. *Wendy C. v. Kijakazi*, No. 3:22-cv-539 (MEG), 2023 WL 2569402, at *5 (D. Conn. Mar. 20, 2023). As SSR 16-3p instructs, "it is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'" Instead, "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p.

In the present case, the ALJ's decision falls into the precise error that SSR 16-3p warns against. His evaluation of Plaintiff's symptoms is limited to the following boilerplate statement:

> the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 1818. The promised "reasons explained" are nowhere to be found. At most, the ALJ summarizes medical records to support his conclusion that Plaintiff is capable of performing light work, but at no point does the decision draw explicit contrasts between medical evidence and Plaintiff's statements in her May 2017 function report, her December 2018 hearing testimony, or her August 2023 hearing testimony. In fact, the decision neither acknowledges nor summarizes Plaintiff's statements from any of those dates.

In determining the impact of this omission, the Court is mindful of the Second Circuit's cautionary instruction not to elevate form over substance. "While it is not sufficient for the ALJ to make a single, conclusory statement that the claimant is not credible or simply to recite the relevant factors . . . remand is not required where the evidence of record permits us to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (cleaned up). However, it is not possible to glean the ALJ's rationale in this case because he misstates the treatment record in his discussion of Plaintiff's primary impairment (bladder incontinence).

The ALJ's decision acknowledges that although implantation of an interstim device in April 2017 resulted in significant improvement of Plaintiff's bladder symptoms, her incontinence returned in October 2022. R. 1819. It continues:

> The claimant underwent a bilateral removal of the InterStim and replaced with an Axonics InterStim. The treatment records do not document further difficulty related to the claimant's bladder incontinence (see 21F at 79; 27F at 14 (no new problems or concerns in March 2023).

*Id.* That is not an accurate summary of the medical record for two reasons. First, although the October 2022 records of urologist Dr. Fleischmann state that Plaintiff would "follow up" for replacement of her interstim with the Axonics device, R. 5536, 5540, there is no confirmation in the medical records that this procedure ever occurred. In fact, there is no subsequent urology record between October 2022 and the August 2023 disability hearing. In March 2023, cardiologist Dr. Levy noted: "She has 2 spine stimulator and they are to be removed and replaced," R. 5385, which implies that the interstim upgrade had not yet occurred. Plaintiff's testimony at the August 2023 hearing also indicates that replacement had "not yet" happened. R. 1746. Second, the exhibits cited by the ALJ do not support his conclusion that Plaintiff had no further difficulty with bladder incontinence after October 2022. Exhibit 21F at 79 is from a March 2022 hospital record relating to an intestinal wall abscess, R. 4568–69, so it cannot

possibly speak to the status of Plaintiff's bladder issues in March 2023. As for Exhibit 27 at 14, that note is from a follow-up visit for hypertension in which Plaintiff's PCP, Dr. Huang, noted: "The patient denies chest pain, palpitations, dizziness, syncope, low blood sugar symptoms, high blood sugar symptoms, edema, SOB, DOE, PND, and orthopnea. Since the last visit patient notes no new problems or concerns, except above." R. 5371. Given that the March 2023 visit was focused on hypertension and the preceding sentence listed eleven cardiac-related symptoms, it was dubious for the ALJ to infer that the note of "no new problems or concerns" pertained to bladder incontinence. Because the ALJ's analysis of Plaintiff's bladder condition misstated the medical record, it does not provide a comprehensible rationale for rejecting Plaintiff's subjective statements of her symptoms.

In sum, the ALJ's decision is lacking an explicit explanation of his credibility determination, and the Court is unable to glean the ALJ's rationale from the rest of his discussion because his recitation of the medical record concerning Plaintiff's primary impairment is inaccurate. Remand is required to correct this error. *See*, *e.g.*, *Michael K. A. v. Comm'r of Soc. Sec.*, No. 20-cv-1302 (LEK), 2022 WL 4226099, at *6 (N.D.N.Y. Apr. 25, 2022) (Peebles, M.J.) (remanding where ALJ did not "make any clear finding as to whether the subjective reports were or were not consistent with the evidence as a general matter" and "although the ALJ discussed the objective medical evidence and recounted plaintiff's reports activities of daily living to some extent, there is nothing in those abstract recitations of evidence that would provide a rationale to support the ALJ's implicit rejection of the majority of plaintiff's subjective reports"); *see also* *Gough v. Saul*, 799 F. App'x 12, 15 (2d Cir. 2020) (remanding where "the ALJ did not explain how the evidence conflicted, nor did the ALJ explain how he purported to resolve that conflict," including as to the credibility of claimant's subjective statements).

**D. CONCLUSION**

Having found error in the ALJ's credibility determination, the Court need not address Plaintiff's other claims. Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF 19, is GRANTED, and the Commissioner's Motion to Affirm, ECF 23, is DENIED.

This is not a recommended ruling. The consent of the parties allows a magistrate judge to direct the entry of a judgment of the District Court in accordance with the Federal Rules of Civil Procedure. Appeals from this judgment can be made directly to the appropriate United States Court of Appeals. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

SO ORDERED, this 4th day of September, 2026, at Bridgeport, Connecticut.

*/s/ S. Dave Vatti*
S. DAVE VATTI
United States Magistrate Judge